RALPH P. GUENTHER, Esq. 124245
rguenther@guentherlawgroup.com
GUENTHER|MILLER LAW GROUP
601 S Main Street
Salinas, CA 93901

(831) 783-3440

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51125HLB |
|     CASSANDRA L. HIGLESIAS, | Chapter 13 |
|         Debtor. | Adversary Proceeding No. 21-05036 |
| CASSANDRA L. HIGLESIAS, | |
|         Plaintiff, | |
| vs. | |
| Domain Motors, LLC, | |
|         Defendant. | |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND**

**PRELIMINARY INJUNCTION**

Plaintiff, Cassandra L. Higlesias, debtor in the above-captioned bankruptcy case, hereby moves this Court for entry of a temporary restraining order and preliminary injunction requiring Domain Motors, LLC ("Creditor") to turn over to the Debtor the vehicle described below.

# MOTION

In support of this Motion, Plaintiff states as follows:

1. Plaintiff (as Debtor) filed the petition commencing the above-entitled bankruptcy case on August 25, 2021 (the "Petition Date"). On the Petition Date, Plaintiff owned a vehicle (the "Vehicle") described as follows: 2009 BMW 535i, VIN WBAWB73509P045252. Creditor claims that a debt in the approximate amount of $11,600.88 (as of the Petition Date) is secured by the Vehicle.

2. On the Petition Date, Creditor was in possession of the Vehicle. Although Plaintiff gave notice of the Bankruptcy Case to Creditor and demanded turnover of the Vehicle, Creditor refused.

3. On August 30, 2021, Debtor (as Plaintiff) filed a Complaint for Turnover of Property under 11 U.S.C. § 542(a) and Bankruptcy Rule 7001(1) against Creditor, seeking turnover of the Vehicle. The Debtor has demanded that Creditor return the Vehicle to the Debtor. As of the date of this motion, Creditor has not delivered possession of the Vehicle to the Debtor.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, 11 U.S.C. § 542(a) and Bankruptcy Local Rule 7011-1.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

This Motion is supported by the accompanying Points and Authorities and the Declarations by Debtor and Debtor's Attorney filed herewith.

WHEREFORE, Plaintiff respectfully requests an Order requiring Creditor to turnover possession of the Vehicle to Plaintiff.

Date: September 2, 2021                                    GUENTHER|MILLER LAW GROUP

*/s/Ralph P. Guenther*
Ralph P. Guenther, Esq.
Attorney for Plaintiff

# POINTS AND AUTHORITIES IN SUPPORT OF MOTION

**A.     Necessary Elements for Issuance of Preliminary Injunction.**

Fed. R. Bankr. P. Rule 7065 makes Fed. R. Civ. P. Rule 65 applicable in adversary proceedings. Under Rule 65, the traditional criteria for issuing a preliminary injunction are: "1) a strong likelihood of success on the merits, 2) the possibility of (now likely, not just possible) irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Morgan-Busby v. Gladstone* (*In re Morgan-Busby*), 272 B.R. 257, 261 (B.A.P. 9th Cir. 2002).

"Alternatively, a preliminary injunction may issue if the moving party demonstrates '(1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor.'" *Id*.  Plaintiff has made the required showing for a preliminary injunction under either of these standards.

**1.     Substantial Likelihood of Success on the Merits.**

Plaintiff is certain to succeed in this adversary proceeding.

"[Section] 542(a) 'imposes a duty of turnover that is mandatory when the statute's conditions . . . are met.'" City of Chicago v. Fulton, 141 S. Ct. 585, 594 (Sotomayor, J., concurring). These conditions are met as the Vehicle is property that the Debtor may use under § 363 and is not of inconsequential value or benefit to the estate.  Moreover, the continued use of the Vehicle is critical to the success of Debtor's Chapter 13 Plan because she uses the Vehicle for her livelihood.

**2.     The Balance of Hardships Favors Plaintiff.**

As Plaintiff's declaration explains in greater detail, without use of the Vehicle, the Debtor will suffer immediate and irreparable harm, including loss of her livelihood, inability to make plan payments, and dismissal of the debtor's bankruptcy case.

Debtor's Chapter 13 Plan provides for adequate protection payments to Creditor in the amount of $116.00 per month beginning on the first day of the month after Creditor files its proof of claim.  In addition, Debtor will maintain insurance required by Debtor's contract with Creditor.  Should Debtor fail to timely tender plan payments or maintain the required insurance, Creditor would be entitled to the relief provided in the proposed order attached hereto as Exhibit "A."

3

GUENTHER | MILLER
LAW GROUP
601 South Main Street
Salinas CA 93901

Case: 21-05036     Doc# 5     Filed: 09/02/21     Entered: 09/02/21 16:14:30     Page 3 of 4

At minimum, the benefit to the Debtor of immediate possession of the Vehicle is greater than the potential risk of harm to Creditor that would result from an order requiring turnover of the Vehicle. No remedy other than immediate turnover of the Vehicle would protect the Debtor from harm. Any monetary relief will come only after entry of judgment on the adversary complaint. A future judgment is not an adequate remedy for the immediate harm the Debtor will suffer.

**3.     An Injunction is Consistent with Public Policy**.

Requiring immediate turnover of the Vehicle would further the purpose of the Bankruptcy Code and would otherwise be consistent with public policy.

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, (2007) 549 U.S. 365, 367 (internal quotations omitted). Creditor's interest in the Vehicle will be adequately protected. Without use of the Vehicle, Debtor will not be able to maintain a Chapter 13 plan. This would deprive the Debtor and all creditors of the benefits of Chapter 13.

**4.     No Bond is Required.**

In an adversary proceeding, "a temporary restraining order or preliminary injunction may be issued on application of a debtor . . . without compliance with Rule 65(c)." Fed. R. Bankr. P. 7065. No bond should be required in the present circumstances because the Debtor has offered monthly adequate protection payments to Creditor and agrees to maintain all insurance required by Debtor's contract with Creditor.

**CONCLUSION**

The Debtor requests that the Court grant the motion and enter an order (substantially in the form attached hereto as Exhibit "A") requiring Creditor to deliver possession of the Vehicle to the Debtor and granting to the Debtor such other relief as the Court deems just and equitable.

Date: September 2, 2021                                                    GUENTHER|MILLER LAW GROUP

*/s/Ralph P. Guenther*
Ralph P. Guenther, Esq.
Attorney for Plaintiff