RALPH P. GUENTHER, Esq. 124245      EXHIBIT "A"
rguenther@guentherlawgroup.com
GUENTHER|MILLER LAW GROUP
601 S Main Street
Salinas, CA 93901

(831) 783-3440

Attorney for Debtor and Plaintiff

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51125 HLB |
|    CASSANDRA L. HIGLESIAS, | Chapter 13 |
|        Debtor. | Adversary Proceeding No. 21-05036 |
| CASSANDRA L. HIGLESIAS, | |
|        Plaintiff, | |
| vs. | |
| Domain Motors, LLC, | |
|        Defendant. | |

## ORDER GRANTING

### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Cassandra L. Higlesias, debtor in the above-captioned bankruptcy case, filed a Motion for Temporary Restraining Order and Preliminary Injunction on September 2, 2021, seeking return of a 2009 BMW 535 (VIN WBAWB73509P045252) (the "Vehicle") currently in possession

1

of Defendant/Creditor Domain Motors, LLC ("Creditor").  Plaintiff's motion came for hearing on September __, 2021.  Appearances were as noted on the record.  Having considered the submissions of the parties, the Court finds as follows:

    A.    Plaintiff has demonstrated a substantial likelihood of success on the merits of her claims against Creditor for turnover of the Vehicle.

    B.    Plaintiff is likely to suffer irreparable harm in the absence of this order. Plaintiff relies on the Vehicle for personal use and to earn a living as a driver for Instacart.. Without the Vehicle, Plaintiff will suffer immediate harm, including loss of employment, inability to make plan payments, and dismissal of her bankruptcy case.  This harm would be irreparable because without a vehicle Plaintiff will be unable to keep her current source of income or get another job.

    C.    The balance of hardships strongly favors Plaintiff. The benefit to Plaintiff of immediate possession of the Vehicle is greater than the risk of harm to Creditor that would result from an order requiring turnover of the Vehicle.

    D.    The issuance of a preliminary injunction would advance the public interest because it furthers the Bankruptcy Code's principal purpose of granting "a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass*. (2007) 549 U.S. 365, 367.  Without use of the Vehicle, Debtor would not be able to maintain a Chapter 13 plan to repay her creditors, which would deprive the Debtor and all her creditors of the benefits of Chapter 13.

THEREFORE, it is HEREBY ORDERED that:

1. The Motion is GRANTED;
2. Creditor shall immediately deliver possession of the Vehicle to the Debtor;
3. Debtor shall pay Creditor a minimum of $116.00 per month through the Chapter 13 trustee, commencing on the 1st day of the month after the entry of this Order, and shall maintain all insurance required by the Debtor's contract with Creditor;
4. These provisions are to remain in place until a plan is confirmed, relief from stay is granted to Creditor, or Debtor's case is dismissed or converted;
5. If Debtor fails to timely tender any payments required by this Order, or if any required insurance lapses, Creditor may mail a written notice of default to Debtor (at the most

current address provided in the court's record) and Debtor's counsel. Debtor shall have fourteen days from the date of mailing of the written notice to cure the default. If the Debtor fails to cure the default within fourteen days from the date of mailing of the written notice, Creditor may (a) file with the Court a declaration under penalty of perjury that specifies the default and attests that notice has been mailed in accordance with this order and (b) submit a proposed order terminating the automatic stay, and the court may enter the order without further notice or hearing. Upon entry of the order, the automatic stay shall be immediately terminated as necessary to permit Creditor to exercise all of its rights in the Vehicle (but Creditor may not assert any monetary claims or seek, obtain, or enforce any money judgment against the Debtor);

6. Debtor shall be entitled to a maximum of three notices of default and opportunities to cure pursuant to the preceding paragraph. If the Debtor defaults again after the Creditor has served three notices of default, Creditor is relieved of any obligation to serve additional notices of default or provide additional opportunities to cure. Instead, Creditor may, without first mailing another notice of default or providing the Debtor with an opportunity to cure, (a) file and serve a declaration under penalty of perjury setting forth the Debtor's defaults and the notices previously given, and (b) submit a proposed order terminating the stay, and the court may enter the order without further notice or hearing.

7. This order shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Vehicle by court order or by operation of law, the foregoing terms and conditions cease to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Vehicle or the Debtor.

8. If Creditor obtains an order terminating the automatic stay based on the Debtor's default hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in Fed. R. Bankr. P. Rule 4001(a)(3).

9. Creditor may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Creditor would otherwise have been entitled under applicable non-bankruptcy law.

10. The Debtor is not required to post a bond as security for payment of damages to

Creditor pursuant to Fed. R. Bankr. P. Rule 7065.

* * * END OF ORDER * * *