

Signed and Filed: September 3, 2021

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>CASSANDRA L. HIGLESIAS,<br>　　　　　Debtor. | Case No. 21-51125 HLB<br>Chapter 13 |
| CASSANDRA L. HIGLESIAS,<br>　　　　　Plaintiff,<br>v.<br>DOMAIN MOTORS LLC,<br>　　　　　Defendant. | Adv. Proc. No. 21-5036 HLB |

**TEMPORARY RESTRAINING ORDER; ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

　　This proceeding comes before the court on Plaintiff/Chapter 13 Debtor Cassandra L. Higlesias' motion for temporary restraining order and preliminary injunction.[1] Ms. Higlesias' Motion seeks an order requiring Defendant Domain Motors LLC ("Domain") to turn over to Ms. Higlesias a 2009 BMW 335i (the "Car").[2]

---

[1] AVP Dkt. 5 (the "Motion"). The court will cite documents in the record of this action as "AVP Dkt. ___".

[2] The Motion describes the make and model of the Car as a BMW 535i. A Notice of Errata filed September 3, 2021 (AVP Dkt. 7), however, explains that the Car is a BMW 335i.

For the reasons stated below, the court will **GRANT** the Motion **IN PART,** and will issue a Temporary Restraining Order requiring Domain to **IMMEDIATELY** return the Car to Ms. Higlesias. The court will convene a hearing on the Motion's request for a preliminary injunction on Thursday, **September 9, 2021** at **2:00 p.m.**

**A.     Jurisdiction**

Ms. Higlesias' complaint asserts a single cause of action under section 542(a).[3]  Accordingly, this action constitutes a core proceeding arising in a case under Title 11, which this court may hear and in which it may enter a final judgment.[4]

**B.     Background**

Ms. Higlesias purchased the Car from Domain for $15,995,[5] approximately two months[6] before she filed a voluntary petition for relief under Chapter 13.[7]  Ms. Higlesias made a down payment

---

[3] Ms. Higlesias' complaint does not comply with Bankruptcy Rule 7008 or B.L.R. 7008-1.

[4] 28 U.S.C. § 157(b)(1) and (b)(2)(E); 28 U.S.C. § 1334(a); General Order No. 24 of the United States District Court for the Northern District of California; In re Jones, 310 Fed. App'x 122, 123 (9th Cir. 2009) (acknowledging bankruptcy court's subject matter jurisdiction over actions under section 542(a)); In re White, 389 B.R. 693, 698 (B.A.P. 9th Cir. 2008) (same).

[5] AVP Dkt. 1 (Complaint) at ¶ 5.  The Complaint states that a copy of the agreement documenting Ms. Higlesias' purchase of the Car is attached as Exhibit 1.  As filed, however, the Complaint has no exhibits.

[6] AVP Dkt. 1 (Complaint) at ¶ 5.

[7] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (aka the "Bankruptcy Code").  In addition, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

of $8,000.[8] Domain agreed to finance the balance of the purchase price with a loan secured by the Car.[9]

Ms. Higlesias failed to make the first payment due on the loan she obtained from Domain.[10] On or about August 3, 2021, Domain repossessed the Car.[11]

Ms. Higlesias filed her bankruptcy petition on August 25, 2021.[12] She disclosed ownership of the Car,[13] and has claimed an exemption in it.[14] She has scheduled Domain as a secured creditor,[15] and proposes payment in full of Domain's loan over the duration of her plan.[16]

---

[8] Id. Ms. Higlesias' Complaint states that her down payment was $7,500. Her Notice of Errata (AVP Dkt. 7) corrects this figure to $8,000.

[9] AVP Dkt. 5-1 (Declaration of Cassandra L. Higlesias in support of Motion (the "Higlesias Decl.")) at ¶ 4 (the Higlesias Decl. states that a copy of the agreement governing Ms. Higlesias' purchase of the Car is attached as Exhibit 1, but as filed, the Higlesias Decl. has no exhibits); AVP Dkt. 5-2 (Declaration of Ralph P. Guenther in support of Motion (the "Guenther Decl.")) at ¶ 3.

[10] Higlesias Decl. at ¶ 5.

[11] Id.; see also, AVP Dkt. 1 (Complaint) at ¶ 6. The Higlesias Decl. and Complaint state that Domain repossessed the Car on July 31, 2021. Ms. Higlesias' Notice of Errata (AVP Dkt. 7) explain that the correct date of repossession was August 3, 2021.

[12] Ch. 13 Case No. 21-51125 (the "Main Case"). The court will cite documents in the record of the Main Case as "BK Dkt. ___".

[13] BK Dkt. 1 at p. 10 (Schedule A/B).

[14] BK Dkt. 1 at p. 15 (Schedule C).

[15] BK Dkt. 1 at p. 17 (Schedule D).

[16] BK Dkt. 2 (Plan) at ¶ 3.08.

After Ms. Higlesias filed her Main Case, her attorney contacted Domain and asked it to return the Car.[17] Domain refused,[18] so Ms. Higlesias commenced this action and then filed her Motion.

**C. Analysis**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[19] "The first factor under Winter is the most important – likely success on the merits."[20] In addition, where (as here) a plaintiff seeks an injunction directing a defendant to take certain action, rather than simply preserving the *status quo*, its burden is "doubly demanding", for it "must establish that the law and facts *clearly favor* [its] position, not simply that [it] is likely to succeed."[21]

**1. Likelihood of Success on the Merits**

Ms. Higlesias' Complaint sees relief under section 542(a), which requires "an entity, other than a custodian, in

---

[17] Guenther Decl. (AVP Dkt. 5-2) at ¶ 5. The Guenther Decl. states that a copy of the letter Ms. Higlesias' counsel sent to Domain is attached as Exhibit 1. As filed, however, the Guenther Decl. has no exhibits.

[18] Guenther Decl. (AVP Dkt. 5-2) at ¶¶ 4 and 5; Higlesias Decl. (AVP Dkt. 5-1) at ¶ 7.

[19] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted); see Doe v. McAleenan, 415 F. Supp. 3d 971, 976 (S.D. Cal. 2019) (noting that the standard for issuing a temporary restraining order is the same for issuing a preliminary injunction).

[20] Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

[21] Id. (emphasis in original).

possession, custody, or control, during the case, of property that . . . the debtor may exempt under section 522 . . . [to] deliver . . . and account for [] such property . . . unless such property is of inconsequential value or benefit to the estate." This cause of action requires Ms. Higlesias to plead (and ultimately prove by a preponderance of the evidence) that (a) Domain is in possession of the Car in a capacity other than that of custodian; (b) the Car is property of the bankruptcy estate; (c) Ms. Higlesias may claim an exemption in the Car; and (d) that the Car is not of inconsequential value or benefit to the estate.[22]

For purposes of the Motion, Ms. Higlesias has shown that she is likely to succeed on the merits of her cause of action under section 542(a). She claims an ownership interest in the Car.[23] She and her attorney attest that Domain is in possession of the Car in a capacity other than that of custodia.[24] She has claimed an exemption in the Car.[25] And the value and benefit of the Car are certainly not inconsequential. Ms. Higlesias depends on the Car to earn her livelihood[26] and its value

---

[22] In re Process, Am., Inc., 588 B.R. 82, 98 (Bankr. C.D. Cal. 2018) (citation omitted); see also, U.S. v. Whiting Pools, Inc., 462 U.S. 198, 205-206 (1983) ("[s]ection 542(a). . . requires an entity (other than a custodian) holding any property of the debtor . . . to turn that property over . . . [g]iven the broad scope of the . . . property of the debtor repossessed by a secured creditor falls within this rule, and therefore may be drawn into the estate").

[23] BK Dkt. 1 at p. 10 (Schedule A/B); Higlesias Decl. (AVP Dkt. 5-1) at ¶ 4.

[24] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 7; Guenther Decl. (AVP Dkt. 502) at ¶¶ 4 and 5.

[25] BK Dkt. 1 at p. 15 (Schedule C).

[26] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 3.

($12,126) amounts to more than 80% of the total value of all of the property Ms. Higlesias owns.[27]

Based on the evidence in the record of this proceeding and in the record of the Main Case, the court finds and concludes for purposes of the Motion's request for a temporary restraining order that Ms. Higlesias is highly likely to succeed on the merits of her cause of action under section 542(a).

### 2. Likelihood of Irreparable Harm in the Absence of Temporary Relief

Ms. Higlesias attests that she and her daughter (whom Ms. Higlesias claims as a dependent) are homeless.[28] They are residing in hotels until they are able to save enough money to permit them to afford to move into rental housing.[29] Ms. Higlesias is employed as delivery driver and she requires the use of her Car in order to earn income.[30] If the court does not require Domain to return the Car to Ms. Higlesias, she will be unable to earn income from the only job she has.

### 3. Balance of Equities

The balance of equities favors Ms. Higlesias. As explained above, she depends on the car to earn her living as a delivery driver and will suffer great prejudice if the court does not afford at least temporary relief. In contrast, Domain

---

[27] BK Dkt. 1 at p. 14 (Schedule A/B).

[28] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 2.

[29] Id.

[30] Id. at ¶ 3.

will suffer little prejudice if required to turn over the Car, as Ms. Higlesias' plan provides for payment in full of the debt she owes to Domain.[31]

### 4. Public Interest

Given that Ms. Higlesias has shown that she is likely to succeed on the merits of her cause of action under section 542(a), that she will suffer irreparable harm if the court does not afford at least temporary relief, and that the balance of equities tips sharply in favor of Ms. Higlesias, the court also finds and concludes that the public interest favors granting the Motion.

### D. Issuance of Temporary Restraining Order Without Notice

The court hereby finds that the Complaint and other pleadings in the record of this action and in the record of the Main Case, as discussed in this order, lay out facts that clearly establish that Ms. Higlesias will suffer immediate and irreparable injury if the court does not act immediately. In addition, Ms. Higlesias' counsel has attested that he gave notice of the Main Case and of this action to Domain, but that Domain refused to turn over the Car. These facts demonstrate that issuance of a temporary restraining order without further notice to Domain is necessary and appropriate.

---

[31] BK Dkt. 2 (Plan) at ¶ 3.08.

**E.    Conclusion and Order**

Based upon the foregoing findings and conclusions, the court **ORDERS** as follows:

   **1.**    To the extent the Motion seeks a temporary restraining order, it is hereby **GRANTED**.

   **2.**    <u>**Domain shall IMMEDIATELY turn over the Car to Ms. Higlesias**</u>**. Failure to comply with this order may result in the imposition of sanctions.**

   **3.**    On **September 9, 2021 at 2:00 p.m.**, the court will convene a hearing to consider Ms. Higlesias' request for a preliminary injunction, as set forth in the Motion. The September 9 hearing will convene via Zoom. This order shall serve as notice of the September 9 hearing, and Ms. Higlesias' counsel need not prepare or serve a separate notice of hearing.

   The court encourages all parties to consult the court's website for information concerning the status of court operations during the COVID-19 pandemic. The court's website also offers information regarding appearing at a video hearing. If you have questions concerning court operations or how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

   **4.**    Should Domain wish to oppose the Motion's request for a preliminary injunction, it shall file and serve written opposition no later than **12:00 p.m.** on Wednesday, **September 8, 2021.** Domain's opposition shall comply with B.L.R. 9013-1. If Domain does not timely oppose entry of a preliminary injunction, the court may deem Domain unopposed to such relief

and may issue a preliminary injunction and vacate the September 9 hearing.

  **5.** Ms. Higlesias shall serve Domain with **(a)** a copy of her Motion and supporting declarations; **and (b)** a copy of this order, no later than **5:00 p.m.** on **September 3, 2021**. Such service shall be made by email <u>and</u> by one other means of delivery that ensures Domain's receipt no later than noon on the next business day following entry of this order.

  **6.** No later than Tuesday, **September 7, 2021**, Ms. Higlesias shall file a certificate of service proving compliance with Paragraph 5 of this order.

**\*\*END OF ORDER\*\***

## Court Service List

Cassandra L. Higlesias
3106 Lake Drive, #27
Marina, CA 93933

Domain Motors LLC
1911 Soquel Avenue
Santa Cruz, CA 95062