Signed and Filed: September 8, 2021



_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CASSANDRA L. HIGLESIAS,<br><br>　　　　Debtor.<br>_____<br>CASSANDRA L. HIGLESIAS,<br><br>　　　　Plaintiff,<br>v.<br><br>DOMAIN MOTORS LLC,<br><br>　　　　Defendant.<br>_____ | Case No. 21-51125 HLB<br><br>Chapter 13<br><br><br><br><br>Adv. Proc. No. 21-5036 HLB |

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

This proceeding comes before the court on Plaintiff/Chapter 13 Debtor Cassandra L. Higlesias' motion for temporary restraining order and preliminary injunction.[1] Ms. Higlesias' Motion seeks an order requiring Defendant Domain Motors LLC ("Domain") to turn over to Ms. Higlesias a 2009 BMW 335i (the "Car").[2]

---

[1] AVP Dkt. 5 (the "Motion"). The court will cite documents in the record of this action as "AVP Dkt. ___".

[2] The Motion describes the make and model of the Car as a BMW 535i. A Notice of Errata filed September 3, 2021 (AVP Dkt. 7), however, explains that the Car is a BMW 335i.

By way of an order issued September 3, 2021,[3] the court granted the Motion to the extent it sought a temporary restraining order and set a hearing for September 9, 2021 to consider the Motion's request for a preliminary injunction. The Sept. 3 Order required Ms. Higlesias to serve her Motion, all supporting papers, and a copy of the Sept. 3 Order on Domain no later than September 3, 2021. Ms. Higlesias timely and properly complied,[4] and the court finds and concludes that Domain has received adequate notice of the relief sought in the Motion, as well as an adequate opportunity to object to such relief.

The Sept. 3 Order required Domain to file and serve written opposition to the Motion no later than noon on September 8, 2021 and warned that, if the court received no timely opposition, it might grant the Motion and vacate the September 9 hearing.

Domain did not timely oppose the Motion, so the court will deem Domain unopposed to the relief sought; will **GRANT** the Motion's request for a preliminary injunction; and will exercise its discretion under B.L.R. 9013-2(a) and vacate the September 9 hearing.

**A. Jurisdiction**

Ms. Higlesias' complaint asserts a single cause of action under section 542(a).[5] Accordingly, this action constitutes a

---

[3] Dkt. 8 (the "Sept. 3 Order").

[4] Dkt. 12.

[5] Ms. Higlesias' complaint does not comply with Bankruptcy Rule 7008 or B.L.R. 7008-1.

core proceeding arising in a case under Title 11, which this court may hear and in which it may enter a final judgment.[6]

### B. Findings of Fact

Ms. Higlesias purchased the Car from Domain for $15,995,[7] approximately two months[8] before she filed a voluntary petition for relief under Chapter 13.[9] Ms. Higlesias made a down payment of $8,000.[10] Domain agreed to finance the balance of the purchase price with a loan secured by the Car.[11]

---

[6] 28 U.S.C. § 157(b)(1) and (b)(2)(E); 28 U.S.C. § 1334(a); General Order No. 24 of the United States District Court for the Northern District of California; In re Jones, 310 Fed. App'x 122, 123 (9th Cir. 2009) (acknowledging bankruptcy court's subject matter jurisdiction over actions under section 542(a)); In re White, 389 B.R. 693, 698 (B.A.P. 9th Cir. 2008) (same).

[7] AVP Dkt. 1 (Complaint) at ¶ 5. The Complaint states that a copy of the agreement documenting Ms. Higlesias' purchase of the Car is attached as Exhibit 1. As filed, however, the Complaint has no exhibits. Ms. Higlesias filed a copy her Complaint's missing Exhibit 1 on September 3, 2021 (Dkt. 10).

[8] AVP Dkt. 1 (Complaint) at ¶ 5.

[9] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (aka the "Bankruptcy Code"). In addition, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

[10] Id. Ms. Higlesias' Complaint states that her down payment was $7,500. Her Notice of Errata (AVP Dkt. 7) corrects this figure to $8,000.

[11] AVP Dkt. 5-1 (Declaration of Cassandra L. Higlesias in support of Motion (the "Higlesias Decl.")) at ¶ 4 (the Higlesias Decl. states that a copy of the agreement governing Ms. Higlesias' purchase of the Car is attached as Exhibit 1, but as filed, the Higlesias Decl. has no exhibits); AVP Dkt. 5-2 (Declaration of Ralph P. Guenther in support of Motion (the "Guenther Decl.")) at ¶ 3.

Ms. Higlesias failed to make the first payment due on the loan she obtained from Domain.[12] On or about August 3, 2021, Domain repossessed the Car.[13]

Ms. Higlesias filed her bankruptcy petition on August 25, 2021.[14] She disclosed ownership of the Car,[15] and has claimed an exemption in it.[16] She has scheduled Domain as a secured creditor,[17] and proposes payment in full of Domain's loan over the duration of her plan.[18]

After Ms. Higlesias filed her Main Case, her attorney contacted Domain and asked it to return the Car.[19] Domain refused,[20] so Ms. Higlesias commenced this action and then filed her Motion.

---

[12] Higlesias Decl. at ¶ 5.

[13] Id.; see also, AVP Dkt. 1 (Complaint) at ¶ 6. The Higlesias Decl. and Complaint state that Domain repossessed the Car on July 31, 2021. Ms. Higlesias' Notice of Errata (AVP Dkt. 7) explains that the correct date of repossession was August 3, 2021.

[14] Ch. 13 Case No. 21-51125 (the "Main Case"). The court will cite documents in the record of the Main Case as "BK Dkt. ___".

[15] BK Dkt. 1 at p. 10 (Schedule A/B).

[16] BK Dkt. 1 at p. 15 (Schedule C).

[17] BK Dkt. 1 at p. 17 (Schedule D).

[18] BK Dkt. 2 (Plan) at ¶ 3.08.

[19] Guenther Decl. (AVP Dkt. 5-2) at ¶ 5. The Guenther Decl. states that a copy of the letter Ms. Higlesias' counsel sent to Domain is attached as Exhibit 1. As filed, however, the Guenther Decl. has no exhibits. Ms. Higlesias filed a copy of this letter on September 3, 2021 (Dkt. 11).

[20] Guenther Decl. (AVP Dkt. 5-2) at ¶¶ 4 and 5; Higlesias Decl. (AVP Dkt. 5-1) at ¶ 7.

On September 8, 2021, Ms. Higlesias' counsel filed a declaration,[21] in which he attests that he has spoken to Domain's owner, Mr. Seyed Alamdari, who admitted that Domain has not return the Car to Ms. Higlesias, despite the court's Sept. 3 Order.[22]  The Sept. 8 Decl. states that Mr. Alamdari offered to refund Ms. Higlesias' down payment and "unwind the deal".[23]  Ms. Higlesias' counsel attests that he advised Mr. Alamdari that he would convey his offer to Ms. Higlesias, and that he believed she would not accept.

**C. Conclusions of Law**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[24]  "The first factor under Winter is the most important – likely success on the merits."[25]  In addition, where (as here) a plaintiff seeks an injunction directing a defendant to take certain action, rather than simply preserving the *status quo*, its burden is "doubly demanding", for it "must

---

[21] AVP Dkt. 15 (the "Sept. 8 Decl.").

[22] Sept. 8 Decl. (AVP Dkt. 15) at ¶¶ 2 and 4.

[23] Sept. 8 Decl. (AVP Dkt. 15) at ¶ 3.

[24] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted); see Doe v. McAleenan, 415 F. Supp. 3d 971, 976 (S.D. Cal. 2019) (noting that the standard for issuing a temporary restraining order is the same for issuing a preliminary injunction).

[25] Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

establish that the law and facts *clearly favor* [its] position, not simply that [it] is likely to succeed."[26]

### 1. Likelihood of Success on the Merits

Ms. Higlesias' Complaint sees relief under section 542(a), which requires "an entity, other than a custodian, in possession, custody, or control, during the case, of property that . . . the debtor may exempt under section 522 . . . [to] deliver . . . and account for [] such property . . . unless such property is of inconsequential value or benefit to the estate." This cause of action requires Ms. Higlesias to plead (and ultimately prove by a preponderance of the evidence) that (a) Domain is in possession of the Car in a capacity other than that of custodian; (b) the Car is property of the bankruptcy estate; (c) Ms. Higlesias may claim an exemption in the Car; and (d) that the Car is not of inconsequential value or benefit to the estate.[27]

For purposes of the Motion, Ms. Higlesias has shown that the facts and law clearly favor the merits of her cause of action under section 542(a). She owns the Car.[28] Domain is in possession of the Car in a capacity other than that of

---

[26] Id. (emphasis in original).

[27] In re Process Am., Inc., 588 B.R. 82, 98 (Bankr. C.D. Cal. 2018) (citation omitted); see also, U.S. v. Whiting Pools, Inc., 462 U.S. 198, 205-206 (1983) ("[s]ection 542(a). . . requires an entity (other than a custodian) holding any property of the debtor . . . to turn that property over . . . [g]iven the broad scope of the . . . property of the debtor repossessed by a secured creditor falls within this rule, and therefore may be drawn into the estate").

[28] BK Dkt. 1 at p. 10 (Schedule A/B); Higlesias Decl. (AVP Dkt. 5-1) at ¶ 4.

custodian.[29] Ms. Higlesias has claimed an exemption in the Car.[30] And the value and benefit of the Car are certainly not inconsequential. Ms. Higlesias depends on the Car to earn her livelihood[31] and its value ($12,126) amounts to more than 80% of the total value of all of the property Ms. Higlesias owns.[32]

Based on the evidence in the record of this proceeding and in the record of the Main Case, the court finds and concludes for purposes of the Motion's request for a preliminary injunction that the facts and applicable law clearly favor the merits of her cause of action under section 542(a).

**2. Likelihood of Irreparable Harm in the Absence of Temporary Relief**

Ms. Higlesias and her daughter (whom Ms. Higlesias claims as a dependent) are homeless.[33] They are residing in hotels until they are able to save enough money to permit them to afford to move into rental housing.[34] Ms. Higlesias is employed as a delivery driver, for which she requires the use of her Car.[35] Without her Car, Ms. Higlesias will be unable to earn income from the only job she has.

---

[29] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 7; Guenther Decl. (AVP Dkt. 502) at ¶¶ 4 and 5.

[30] BK Dkt. 1 at p. 15 (Schedule C).

[31] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 3.

[32] BK Dkt. 1 at p. 14 (Schedule A/B).

[33] Higlesias Decl. (AVP Dkt. 5-1) at ¶ 2.

[34] Id.

[35] Id. at ¶ 3.

### 3. Balance of Equities

The balance of equities favors Ms. Higlesias. As explained above, she depends on the Car to earn her living as a delivery driver and will suffer great prejudice if the court does not afford relief. In contrast, Domain will suffer little prejudice, as Ms. Higlesias' plan provides for payment in full of the debt she owes to Domain.[36]

### 4. Public Interest

Given that Ms. Higlesias has shown that she is likely to succeed on the merits of her cause of action under section 542(a), that she will suffer irreparable harm if the court does not afford relief, and that the balance of equities tips sharply in her favor, the court also finds and concludes that the public interest favors granting the Motion.

### E. Conclusion and Order

Based upon the foregoing findings and conclusions, the court **ORDERS** as follows:

1. To the extent the Motion seeks a preliminary injunction, it is hereby **GRANTED**.

2. **Domain shall IMMEDIATELY turn over the Car to Ms. Higlesias. To the extent that the Car is in possession of a towing company or other agent acting on Domain's behalf, Domain shall IMMEDIATELY instruct such towing company or agent to release the Car to Ms. Higlesias. Domain shall IMMEDIATELY pay all fees or costs demanded by its towing company or agent in order to effectuate the IMMEDIATE release of the Car to Ms.**

---

[36] BK Dkt. 2 (Plan) at ¶ 3.08.

**<u>Higlesias</u>. Failure to comply with this order may result in the imposition of monetary sanctions against Domain.**

    **3.**    Consistent with Bankruptcy Rule 7065, Ms. Higlesias need not post or provide security for any damages or costs Domain might suffer if a reviewing court determines that this court issued this order wrongfully.

    **4.**    The September 9 hearing is hereby **VACATED**.

**\*\*END OF ORDER\*\***

## Court Service List

Cassandra L. Higlesias
3106 Lake Drive, #27
Marina, CA 93933

Domain Motors LLC
1911 Soquel Avenue
Santa Cruz, CA 95062